GRIMSRUD, Appellant, vs. LINLEY, Garnishee, Respondent.

*March 1 — March 19, 1901.*

*Garnishment: Notes in hands of attorney: Attorney's lien: Justices' courts: Statutes construed.*

Under secs. 3725, 3727, and 2769, Stats. 1898, a justice may require a garnishee to deliver property to him only when it is found that, at that time or some other fixed date, the defendant is or will be absolutely entitled to the property. Notes and a mortgage in the hands of an attorney for collection, upon which he has a lien for services rendered, are therefore not subject to garnishment in justice's court.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

Plaintiff commenced an action in the municipal court against the defendant Anderson, and summoned *Victor Linley* as garnishee. The latter answered that he was an attorney, and that he had in his possession, belonging to defendant, thirteen notes, and a mortgage to secure them on certain real estate, which were placed in his hands to bring a suit

Grimsrud vs. Linley.

to reform the mortgage, and to collect the notes as they became due; that in pursuance of his retainer, and before the service of the garnishee process, he had performed work reasonably worth $25, and since such service he had commenced a suit to reform said mortgage, and that his services in that respect were worth $25, and he had incurred expenses in connection therewith amounting to $5; that he claimed a lien for such services upon said papers, and for the further sum of $10 for other services rendered for defendant; that the continued possession of said papers was necessary to carry out the purposes of his employment and until its purposes were attained, and he claimed the right to retain the possession thereof pursuant to his employment and for the protection of his lien. No issue was taken upon such answer. Thereafter the municipal judge made an order requiring the garnishee to deliver such papers to him within ten days. The garnishee appealed therefrom to the superior court, where the case was heard on the original papers. Judgment was entered reversing the order of the municipal court and discharging the garnishee from liability. From that judgment plaintiff has brought this appeal.

The cause was submitted for the appellant on a brief signed by *E. A. Eckman* and *W. P. Crawford*, and for the respondent on the brief of *V. Linley*.

BARDEEN, J. This case must be determined under the law relating to the liability of garnishees as applicable to proceedings in justice's court. Sec. 3725, Stats. 1898, provides that when the answer of the garnishee discloses that he had property in his possession belonging to the defendant, the justice shall enter an order in his docket requiring the garnishee, within ten days, to deliver to him such property or so much thereof as shall be sufficient to satisfy the judgment and costs and the costs of the garnishee proceeding, and all such property may be ordered to be sold on

Grimsrud vs. Linley.

execution against the defendant. Sec. 3727 provides that no judgment shall be rendered against the garnishee, or any money or property required to be so delivered, upon any liability arising out of either of the causes mentioned in sec. 2769. This section provides that no judgment shall be rendered upon a liability of the garnishee, among other things, arising "by reason of any money or other thing owing from him to the defendant, unless, before judgment against the defendant, it shall have become due absolutely and without depending on any future contingency."

It is frankly admitted by plaintiff's counsel that the order of the municipal judge was wrong, and that the garnishee's lien could not be cut off by the garnishment proceedings. Their argument is that, notwithstanding such lien, the defendant has yet such an interest in the notes and mortgage as may be secured by garnishment. Just *how* that is to be secured and worked out is not disclosed. Proceeding by garnishment is wholly statutory. Its provisions must be reasonably construed, not only to effect the purposes declared, but also to protect the rights of all concerned. It must be conceded that the garnishee, by virtue of his lien as attorney, was entitled to retain possession of the defendant's notes and mortgages. Without such possession, his lien would become worthless. He may retain such possession as against all the world, until his lien has been satisfied. Sec. 3725 makes no provision for any such condition of things. It must be construed to mean that the magistrate is only to order delivery of the property in the hands of the garnishee when it is found that, at that time or some other fixed date, the defendant is or will be absolutely entitled to same. This construction is in harmony with sec. 2769, above referred to, which prevents a judgment against the garnishee unless it is determined that the thing owing from the garnishee belongs absolutely to the defendant before judgment against him, and is not dependent upon any future contingency.

The defendant's right to this property was dependent upon the condition that he pay the attorney's lien and charges. This might never take place. There being no provision of law which would enable the creditor to secure the debtor's interest in garnishment proceedings, he was left to his other legal remedies. Probably plaintiff might have secured defendant's interest in the property by levy and sale on execution, under sec. 2988, but he could not secure it in proceedings by way of garnishment. Sec. 3719, which says that, from time of service, the garnishee shall stand liable to the plaintiff for all money, credits, and effects in his hands belonging to the defendant, must be construed to mean that he is liable only for such money, credits, or effects as the other provisions of the statute make garnishable in his hands. The case of *McCown v. Russell*, 84 Wis. 122, has no application to the facts in this case.

*By the Court.*— The judgment of the superior court of Douglas county is affirmed.